## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------

WANDA COOK                  :

106 Mildred Lane            :

Aston, PA 19014             :        Civil Action No.: _____

                               :

           Plaintiff,      :        **JURY TRIAL DEMANDED**

                               :

           v.                :

                               :

AVENTURA AT PROSPECT, LLC    :

815 Chester Pike            :

Prospect Park, PA 19076       :

                               :

           Defendant.     :

---------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff, Wanda Cook ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant, Aventura at Prospect, LLC ("Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff initiates this action contending Defendant has violated her rights protected by the Pregnant Workers Fairness Act ("PWFA"), 42 U.S.C. § 2000gg, *et seq.*; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), *et seq.*; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, by subjecting her to a hostile work environment and constructively discharging her from employment on the basis of her gender and pregnancy and in retaliation for her complaints in connection thereto.

## PARTIES

2. Plaintiff, Wanda Cook, is a citizen of the United States and Pennsylvania and currently maintains a residence at 106 Mildred Lane Aston, PA 19014.

3.     Upon information and belief, Defendant, Aventura at Prospect, LLC, is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 815 Chester Pike Prospect Park, PA 19076.

## JURISDICTION AND VENUE

4.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

5.     On or about January 23, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. §§ 2000e5(b) and (e). Plaintiff's EEOC Charge was docketed as 530-2024-02824.

6.     Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

7.     By correspondence dated April 16, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendant.

8.     Plaintiff filed the instant action within the statutory time frame applicable to her claims.

9.     Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

10.     This action is authorized and initiated pursuant to the Pregnant Workers Fairness Act ("PWFA"), 42 U.S.C. § 2000gg, *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), *et seq.*; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*

11.     This Court has original jurisdiction over Plaintiff's Title VII and PWFA claims, pursuant to 28 U.S.C. §§ 1331 and 1343, as these are civil rights actions arising under the laws of the United States.

12.     The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same nucleus of operative fact as the Title VII and PWFA claims.

13.     The venue in this district is proper pursuant to 28 U.S.C. § 1391, as the Defendant resides in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## FACTUAL BACKGROUND

14.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

15.     Plaintiff began her employment with Defendant in the position of Registered Nurse ("RN") Supervisor on or about April 24, 2023.

16.     At all times material hereto, Plaintiff performed her job well, receiving occasional praise and no justifiable discipline.

17.     In or around June 2023, Plaintiff notified Defendant's Administrator Jack Bresler that she was approximately twenty (20) weeks pregnant.

18.     Thereafter, on or about August 4, 2023, Plaintiff submitted a request for a pregnancy-related accommodation via email to Defendant's Acting Director of Nursing Mary Hampson, Assistant Director of Nursing Jennifer Baker, and Mr. Bresler to not be required to take Defendant's residents out to smoke.

19.     Defendant, however, did not respond to Plaintiff's request.

3

20. On or about August 10, 2023, Plaintiff made another request for a pregnancy-related accommodation to Mr. Bresler via text message to not be required to interact with hostile residents and/or their family members.

21. Mr. Bresler did not respond to Plaintiff's request.

22. On or about August 20, 2023, Plaintiff was hospitalized due to her pregnancy and notified Defendant's HR Representative Ebonie Campbell, Mr. Bresler, and Ms. Baker via text message of the same.

23. On or about August 22, 2023, Plaintiff requested a pregnancy-related accommodation to not be required to lift more than fifteen (15) pounds and to not stand continuously for more than two (2) hours at a time without a break for the remainder of her pregnancy.

24. In response, however, Defendant informed Plaintiff it would not be able to grant her request without demoting her to a lower-paying position, which would also deprive her of a sign-on bonus to which she was entitled.

25. Defendant's alleged justification was that based on Plaintiff's requested accommodations, she was not able to perform the duties of a Registered Nurse Supervisor because she would not be able to cover the duties of a Floor Cart Nurse—an entirely separate position—if other employees called out.

26. Defendant's HR Representative Ebonie Campbell further told Plaintiff they would meet on August 29, 2023, to discuss further.

27. On August 29, 2023, however, Ms. Campbell informed Plaintiff that she was in the middle of payroll and that Plaintiff would need to reach back out at a later time.

28.    On or about August 30, 2023, Plaintiff contacted Ms. Campbell to request an update on her ability to return to work.

29.    On or about August 31, 2023, Ms. Campbell responded and told Plaintiff, "there is no position we can just make up for you" and directed her to "put whatever [she] want[ed]" if Plaintiff wanted to apply for unemployment.

30.    Over the following weeks, Plaintiff contacted Defendant numerous times via text message about her ability to return to work but received no response.

31.    On or about September 29, 2023, Defendant offered Plaintiff two positions which both had a significantly lower rate of pay than Plaintiff's original position.

32.    Plaintiff was told Defendant would follow up with her regarding her exact return to work date.

33.    On or about October 3, 2023, Plaintiff was admitted to the hospital for pre-term labor.

34.    The following day, on or about October 4, 2023, Plaintiff received a call from Ms. Campbell, who informed Plaintiff she was late for her shift, even though no return-to-work date had been communicated.

35.    When Plaintiff informed Ms. Campbell that no return-to-work date had been communicated and that she was in the hospital, Ms. Campbell expressed frustration and hung up the phone.

36.    Shortly thereafter, Plaintiff went into labor and delivered her son.

37.    During that time, Plaintiff received multiple phone calls with Defendant as well as an email from Mr. Bresler in which he expressed frustration with her absence and asked to confirm Plaintiff's return-to-work date for the following day.

38.    In response, Plaintiff informed Mr. Bresler that she would be unable to return to work the following day due to recovery and bonding with her son.

39.    On or about October 4, 2023, due to the discriminatory and retaliatory actions described above, Plaintiff could no longer endure Defendant's hostile and discriminatory work environment and was constructively discharged from employment.

40.    It is believed and therefore averred that Defendant subjected Plaintiff to a hostile work environment and constructively discharged her from employment on the basis of her sex, pregnancy, and in retaliation for Plaintiff's requests for reasonable accommodations and good faith complaint(s) of discrimination and harassment in connection thereto, in violation of the PWFA, PHRA, and Title VII, as amended by the PDA.

41.    As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages.

**COUNT I**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT**
**42 U.S.C. § 2000e, *et seq.***
**PREGNANCY DISCRIMINATION, HOSTILE WORK ENVIRONMENT &**
**RETALIATION**

42.    The preceding paragraphs are hereby incorporated by reference as thought the same were fully set forth herein.

43.    Upon information and belief, Defendant employed over fifteen (15) employees at all times relevant hereto.

44.    At all times relevant hereto, Plaintiff was pregnant and, as such, was a member of a class protected under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as

amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), *et seq.*, from unlawful discrimination because of pregnancy.

45. Defendant became aware of Plaintiff's pregnancy in or around June 2023.

46. During the course of Plaintiff's employment with Defendant, she satisfactorily performed the duties required by her position.

47. At the time of her constructive discharge, Plaintiff was qualified to perform the duties required by her position.

48. After Plaintiff disclosed her pregnancy, Defendant engaged in discriminatory behavior toward Plaintiff on the basis of her pregnancy.

49. Defendant subjected Plaintiff to and/or otherwise permitted the existence of a hostile work environment because of her pregnancy, in violation of Title VII, as amended by the PDA.

50. Defendant subjected Plaintiff to retaliation because she complained of the hostile work environment, in violation of Title VII, as amended by the PDA.

51. Ultimately, Defendant took tangible employment action against Plaintiff in the form of constructively discharging Plaintiff's employment because of Plaintiff's pregnancy, in violation of Title VII, as amended by the PDA.

52. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

53. Because of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff suffered damages in the form of loss of past and future wages and compensation, mental and emotional damages, damage to reputation, and personal humiliation, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.      Back wages and front pay, in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.      Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.      Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.      Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances.

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of caps on certain damages as set forth by applicable law.

**COUNT II**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951, et seq.**
**DISCRIMINATION, HOSTILE WORK ENVIRONMENT & RETALIATION**

54.      The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

55.      At all times relevant hereto, Defendant had at least four (4) employees.

56.      At all times relevant hereto, Plaintiff was qualified for her position with Defendant.

57.      Plaintiff was subjected to discriminatory mistreatment by Defendant on the basis of her gender.

8

58.     Ultimately, Defendant took tangible employment action against Plaintiff in the form of terminating her employment because of her gender and in retaliation for her complaints in connection thereto, in violation of the PHRA.

59.     Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

60.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.     Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C.     Pre-judgment interest in an appropriate amount; and

D.     Such other and further relief as is just and equitable under the circumstances; and

E.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT III**
**PREGNANT WORKERS FAIRNESS ACT**
**42 U.S.C. § 2000gg, *et seq.***
**<u>DISCRIMINATION, HOSTILE WORK ENVIRONMENT & RETALIATION</u>**

9

61. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

62. At all times relevant hereto, Plaintiff was a qualified individual under the PWFA, 42 U.S.C. § 2000gg(6).

63. At all times relevant hereto, Defendant had at least fifteen (15) employees.

64. Defendant was aware of Plaintiff's pregnancy.

65. Plaintiff requested a reasonable accommodation in connection with her pregnancy.

66. Plaintiff would have been able to perform the essential functions of her job, with or without a reasonable accommodation.

67. By reasons of the foregoing, Defendant, through their agents, officers, servants, and/or employees, has violated the PWFA by constructively discharging Plaintiff for requesting and using a reasonable accommodation to the known limitations related to her pregnancy.

68. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress, damage to reputation, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C. Pre-judgment interest in an appropriate amount; and

D.    Such other and further relief as is just and equitable under the circumstances; and,

E.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:    */s/ Johannes Hoffman, Esq.*
Michael Murphy, Esquire
Johannes Hoffman, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
jhoffman@phillyemploymentlawyer.com

Dated: April 28, 2026                    *Attorneys for Plaintiff*

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical evidence and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.